# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:07 CR 106

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Vs. | ) | **PRELIMINARY ORDER** |
| | ) | **OF FORFEITURE** |
| JERRY PENNINGTON | ) | |
| | ) | |
| _____ | ) | |

**THIS MATTER** is before the court on the government's Motion for Preliminary Order of Forfeiture (#43), which for good cause shown therein is **GRANTED** as follows:

**IN ACCORDANCE WITH** Rule 32.4(A), Local Criminal Rules of the Western District of North Carolina, and as a result of the guilty plea of the defendant to the violations stated in Counts One, Three and Four of the Bill of Information, for which the United States sought forfeiture pursuant to 18 U.S.C. § 982, 28 U.S.C. § 2461(c), 18 U.S.C. § 981, 18 U.S.C. § 1955, and 18 U.S.C. § 1956(c)(7), the defendant shall forfeit to the United States all property constituting or derived from any proceeds the defendants obtained, directly or indirectly, as a result of such violations; and/or all property used or intended to be used in any manner or part to commit or facilitate the commission of the violations.

The Court has determined, based on the Bill of Information and the guilty pleas of the defendant, that the below-described property is subject to forfeiture pursuant to 18 U.S.C. § 982, 18 U.S.C. § 1955, and Fed. R. Crim. P. 32.2(b) and that the government has established the requisite nexus between such property and such violations.

It is therefore ORDERED:

1. The following property is hereby forfeited to the United States for disposition according to law, subject to the provisions of 21 U.S.C. § 853(n):

**(a) All currency and monetary instruments which were received during, involved in or used or intended to be used to facilitate the crimes alleged in this bill of Information, including but not limited to the following:**

> **1) the sum of $10,000,000 in proceeds obtained jointly by HENDERSON AMUSEMENT, INC., JAMES OTIS HENDERSON, and BARRON SLOAN HENDERSON;**
>
> **2) the sum of approximately $165,000 in United States Currency, seized on or about May 17, 2005, at the HENDERSON AMUSEMENT, INC., electronically at 134 Banks Road, Kings Mountain, North Carolina.**
>
> **3) the sum of approximately $22,380 in bribe money, delivered by JAMES HENDERSON and JEFFREY LEE CHILDERS and intended for a Rutherford County Sheriff's Office law enforcement agent between December 7, 2006, and June 13, 2007;**
>
> **4) the sum of approximately $7,616 in United States Currency seized from HENDERSON AMUSEMENT, INC., on or about April 4, 2004, in Boiling Springs, North Carolina.**
>
> **5) the sum of approximately $100,000 in United States Currency received as income by JERRY PENNINGTON from HENDERSON AMUSEMENT, INC.**

**(b) All video gaming machines, and all video gaming machine components and cabinets, seized between October 1, 2000 and the date of entry of this plea agreement, that are currently in the custody of any federal law enforcement agency, or any North Carolina state, county, or local law enforcement agency.**

**(c) All title and interest in the following real property, in that such property was involved in the aforestated offenses or is traceable to such property:**

> **a) Property located at 134 Banks Road, Kings Mountain, North Carolina, and found in Cleveland County Deed Book 1308, Page 2312.**
>
> **b) Property located at 918 Long Branch Road, Grover, North Carolina, and found in Cleveland County Deed Book 1340, Page 1007.**

**c) Property located at 100 Malibu Drive, Spartanburg, South Carolina, and found in Spartanburg County Deed Book 75C, Page 739.**

**c) Property located at 11064 Asheville Highway, Inman, South Carolina, and found in Spartanburg County Deed Book 81A, Page 058.**

**e) Property located at 261 Airline Drive, Forest City, North Carolina, found in Rutherford County Deed Book 638, Page 355.**

2. The Attorney General (or his designee) is authorized to seize the forfeited property subject to forfeiture; to conduct any discovery proper in identifying, locating, or disposing of the property; and to commence proceedings that comply with any statutes governing third party rights. Fed. R. Crim. P. 32.2(b)(3).

3. Pursuant to 21 U.S.C. § 853(n)(1), the government shall publish three times in a newspaper of general circulation, notice of this order and of its intent to dispose of the property in such manner as the United States may direct. The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in property that is the subject of this order of forfeiture, as a substitute for published notice as to those persons so notified.

4. Any person, other than the defendants, having or claiming a legal interest in any of the above-listed forfeited property may, within thirty days of the final publication of notice or of receipt of actual notice, whichever is earlier, petition the Court for a hearing without a jury to adjudicate the validity of the petitioner's alleged interest in the property, and for an amendment of the order of forfeiture pursuant to 21 U.S.C. § 853(n). The petition shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title or interest in each of the forfeited properties; the time and circumstances of the petitioner's acquisition of the

right , title, or interest in the property; and any additional facts supporting the petitioner's claim and the relief sought. 21 U.S.C. §§ 853(n)(2) and (3).

5. After the disposition of any motion filed under Fed. R. Crim P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

6. This Preliminary Order of Forfeiture shall become final as to the defendants at the time of sentencing and shall be made part of the sentence and included in the judgement. If no third party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2).

7. Upon adjudication of third-party interests, if any, this Court will enter a Final Order of Forfeiture pursuant to 21 U.S.C. § 853(n) and Fed. R. Crim. P. 32(c)(2).

8. The Court shall retain jurisdiction to enforce this Order and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

Signed: January 29, 2008

Dennis L. Howell
United States Magistrate Judge