IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

DOCKET NO. 1:07CR106

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | SECOND PRELIMINARY ORDER |
| ) | OF FORFEITURE |
| v. ) | SUBSTITUTING PROPERTY |
| ) | FOR PORTION OF MONEY |
| (4) JERRY PENNINGTON, ) | JUDGMENT |
| ) | |
| Defendant. ) | |

The United States of America, pursuant to Rule 32.2(b) and (e) of the Federal Rules of Criminal Procedure, and Title 21, United States Code, Section 853(p), has moved to amend the order of forfeiture previously issued in this case to include certain property of defendant Jerry Pennington as substitute property. In consideration of the Motion and the record of this case, the Court finds as follows.

On January 30, 2008, the Court entered a Preliminary Order of Forfeiture for a money judgment in favor of the United states in the amount of $100,000.00 which amount represented the value of the proceeds of the offense for which the defendant was convicted.

The Court finds that, because of the acts or omissions of the defendant, the defendant has not paid the money judgment, and the $100,000.00 representing the proceeds of the offense are no longer available for forfeiture for one or more of the reasons set forth in Title 21, United States Code, Section 853(p).

As a result, pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure and Title 21, United States Code, Section 853(p), the United States is entitled to an order forfeiting other

1

property of the defendant as a substitute for the unavailable property ordered forfeited.

ACCORDINGLY, IT IS HEREBY ORDERED:

1. All right, title and interest of defendant Jerry Pennington in the following property is hereby forfeited to the United States for disposition according to law, subject to the provisions of 21 U.S.C. § 853(n):

- **2006 American IronHorse
  VIN 5L5TX166561000450**

- **Holmes, Ernest Division motorcycle trailer
  VIN 5HABE12297N005021**

- **2003 Chevrolet Corvette
  VIN 1G1YY32G935124212**

- **1986 Chevrolet Monte Carlo
  VIN 1G1GZ37G1GR196814**

- **1987 Chevrolet Monte Carlo
  VIN1G1GZ11G7HP115972**

- **1987 Chevrolet Camaro
  VIN 1G1FP21F6HN184226**

2. The Attorney General (or his designee) is authorized to seize the forfeited property subject to forfeiture; to conduct any discovery proper in identifying, locating, or disposing of the property; and to commence proceedings that comply with any statutes governing third party rights. Fed. R. Crim. P. 32.2(b)(3).

3. Pursuant to 21 U.S.C. § 853(n)(1) and Standing Order of the Court 3:05MC302-C (September 8, 2005), the United States shall post on an official government internet site (www.forfeiture.gov), for at least 30 consecutive days, notice of this order and of its intent to dispose of the property in such a manner as the United States may direct. The United States may

also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in property that is the subject of this order of forfeiture, as a substitute for published notice as to those persons so notified.

4. Any person, other than the defendant, having or claiming a legal interest in any of the above-listed forfeited property may, within thirty days of the final publication of notice or of receipt of actual notice, whichever is earlier, petition the Court for a hearing without a jury to adjudicate the validity of the petitioner's alleged interest in the property, and for an amendment of the order of forfeiture pursuant to 21 U.S.C. § 853(n). The petition shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title or interest in each of the forfeited properties; the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property; and any additional facts supporting the petitioner's claim and the relief sought. 21 U.S.C. § 853(n)(2) and (3).

5. After the disposition of any motion filed under Fed. R. Crim P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

6. If no third party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2).

7. Upon adjudication of third-party interests, if any, this Court will enter a Final Order of Forfeiture pursuant to 21 U.S.C. § 853(n) and Fed. R. Crim. P. 32(c)(2).

8. The Court shall retain jurisdiction to enforce this Order and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

9. A new personal money judgment in forfeiture, being the remainder of the original personal money judgment of $100,000.00, of $20,100.00 is herewith entered.

This the 15th day of September, 2009.

_____
THOMAS SELBY ELLIS, III
UNITED STATES DISTRICT JUDGE