IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

DOCKET NO. 1:07CR106

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | THIRD PRELIMINARY ORDER |
| | ) | OF FORFEITURE |
| v. | ) | SUBSTITUTING PROPERTY |
| | ) | FOR PORTION OF |
| (4) JERRY PENNINGTON, | ) | PERSONAL MONEY JUDGMENT |
| | ) | |
| Defendant. | ) | |

FILED
ASHEVILLE, N.C.
NOV 23 2010
U.S. DISTRICT COURT
W. DIST. OF N.C.

The United States of America, pursuant to Rule 32.2(b) and (e) of the Federal Rules of Criminal Procedure, and Title 21, United States Code, Section 853(p), has moved to amend the order of forfeiture previously issued in this case to include certain property of defendant Jerry Pennington as substitute property. In consideration of the Motion and the record of this case, the Court finds as follows.

On January 30, 2008, the Court entered a Preliminary Order of Forfeiture for a money judgment in favor of the United states in the amount of $100,000.00 which amount represented the value of the proceeds of the offense for which the defendant was convicted.

On September 16, 2009, the Court entered a Second Preliminary Order of Forfeiture substituting property for a portion of the $100,000.00 personal money judgment and entering a remaining personal money judgment of $20,100.00.

The Court finds that, because of the acts or omissions of the defendant, the defendant has not paid the remainder of the personal money judgment, and the $100,000.00 representing the proceeds of the offense are no longer available for forfeiture for one or more of the reasons set forth in Title 21, United States Code, Section 853(p).

1

As a result, pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure and Title 21, United States Code, Section 853(p), the United States is entitled to an order forfeiting other property of the defendant as a substitute for the unavailable property ordered forfeited. Accordingly, it is hereby ORDERED:

1. All right, title and interest of defendant Jerry Pennington in the following property is hereby forfeited to the United States for disposition according to law, subject to the provisions of 21 U.S.C. § 853(n):

   **- First National Bank check #001321 with United States Marshal's Service as payee in the amount of $275.00 in United States Currency**

2. The Attorney General (or his designee) is authorized to seize the forfeited property subject to forfeiture; to conduct any discovery proper in identifying, locating, or disposing of the property; and to commence proceedings that comply with any statutes governing third party rights. Fed. R. Crim. P. 32.2(b)(3).

3. Pursuant to 21 U.S.C. § 853(n)(1) and Standing Order of the Court 3:05MC302-C (September 8, 2005), the United States shall post on an official government internet site (www.forfeiture.gov), for at least thirty (30) consecutive days, notice of this order and of its intent to dispose of the property in such a manner as the United States may direct. The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in property that is the subject of this order of forfeiture, as a substitute for published notice as to those persons so notified.

4. Any person, other than the defendant, having or claiming a legal interest in any of the above-listed forfeited property may, within sixty (60) of the first publication of internet notice, or, if applicable, within thirty (30) of receipt of this notice, whichever is earlier, petition the

Court for a hearing without a jury to adjudicate the validity of the petitioner's alleged interest in the property, and for an amendment of the order of forfeiture pursuant to 21 U.S.C. § 853(n). The petition shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title or interest in each of the forfeited properties; the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property; and any additional facts supporting the petitioner's claim and the relief sought. 21 U.S.C. § 853(n)(2) and (3).

5. After the disposition of any motion filed under Fed. R. Crim P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

6. If no third party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2).

7. Upon adjudication of third-party interests, if any, this Court will enter a Final Order of Forfeiture pursuant to 21 U.S.C. § 853(n) and Fed. R. Crim. P. 32(c)(2).

8. The Court shall retain jurisdiction to enforce this Order and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

9. **A new personal money judgment in forfeiture of $19, 825.00 is herewith entered.**

This the 23rd day of November, 2010.

THOMAS SELBY ELLIS, III
UNITED STATES DISTRICT JUDGE

3